IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal No. 4:23-cr-79-SDJ-KPJ |
| | § | |
| IAN NIKOLAI ELLIOTT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ian Nikolai Elliott's ("Defendant") Motion to Continue Conditions of Release (the "Motion") (Dkt. 28), to which the Government filed a response (the "Response") (Dkt. 32), and Defendant filed a memorandum of supporting authorities (the "Memorandum") (Dkt. 33). Upon consideration, the Motion (Dkt. 28) is **DENIED**, and Defendant shall be detained pending sentencing.

### I.   BACKGROUND

On April 12, 2023, the United States Grand Jury indicted Defendant Ian Nikolai Elliott ("Defendant") for Possession of and Access with Intent to View Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). *See* Dkt. 1 at 1. The Indictment (Dkt. 1) alleges that Defendant knowingly possessed and accessed, with intent to view, "child pornography . . . involving a prepubescent minor." *Id.* Specifically, Defendant's cell phone contained three images and one video depicting prepubescent minors engaged in sexual conduct. *See id.* at 2.

On April 26, 2023, Defendant made his initial appearance, where he pleaded not guilty. At the hearing, the Government expressed "significant concerns about [Defendant's] danger to the community." However, the Government concluded that those concerns could "be assuaged by the

1

conditions of release as proposed by Pretrial Services." Therefore, the Government did not move to detain Defendant pending trial. Accordingly, Defendant was released and placed on home detention. *See* Dkt. 7 (conditions of release).

On June 20, 2023, Pretrial Services issued the Pretrial Services Report (the "Report") (Dkt. 16). *See* Dkt. 16. The Report (Dkt. 16) advises that Defendant has been diagnosed with "Attention Deficit Disorder" ("ADD") and "Attention Hyperactive Deficit Disorder" ("ADHD"). *Id.* The Report (Dkt. 16) also indicates the Defendant is on the "Autism Spectrum" ("ASD"). *Id.* Furthermore, the Report (Dkt. 16) advises that, on December 30, 2020, Defendant was arrested for Sexual Performance by a Child Under Fourteen and Online Solicitation of a Minor Under Fourteen in violation of Sections 33.021 and 43.25 of the Texas Penal Code. *See id.* at 4. On April 19, 2022, Defendant received sixty months of probation for these offenses. *Id.* On November 6, 2022, state authorities moved to revoke Defendant's probation for the following reasons: (1) failing to register as a sex offender; (2) failing to report; (3) viewing or possessing sexually explicit material on ninety-six occasions; (4) accessing the internet daily; (5) accessing prohibited cell phone applications, including Snapchat, Discord, Reddit, Tinder, Twitter, and WhatsApp; (6) failing to successfully discharge sex offender treatment; and (7) failing to pay supervision fees. *See id.* at 5.[1]

The Report (Dkt. 16) further indicates that, on November 1, 2022, Defendant was charged with Failure to Comply with Registration Requirements in violation of Article 62.102 of the Texas Code of Criminal Procedure. *See id.* In both state criminal cases, Defendant posted bond, and on November 14, 2022, Defendant was released on modified conditions. *See* Dkt. 28 at 2 ("The bond conditions were modified on November 14, 2022. Those bonds were posted[,] and . . . Defendant

---

[1] The decision to move for the revocation of Defendant's probation was made after Defendant "admitted to accessing sexually oriented material and child pornography online." Dkt. 28 at 2. That admission was reported to federal authorities, who brought the present case against Defendant.

was released on or about November 14, 2022." (internal citation omitted)); *see also* Dkt. 28-2 (modified bond conditions).

On November 13, 2023, Defendant filed a notice (the "Notice") (Dkt. 26) of his intent to plead guilty. *See* Dkt. 26 at 1. The following day, the Court set this case for a change of plea hearing. On November 28, 2023, Defendant filed the Motion (Dkt. 28), wherein he requests that the Court release him pending his sentencing. *See* Dkt. 28 at 4. According to Defendant, the fact that he complied with his conditions of release in both state and federal court, "for the past year," proves by "clear and convincing evidence" that he is neither a flight risk nor a danger to the community. *Id.* at 4–5. Defendant further argues that he "has been diligent in his attendance and participation in both group and individual therapy," which have benefitted him greatly. *Id.* at 5. Indeed, Defendant's counselor, Kris White ("Mr. White"), represents that Defendant "has made progress on the issues that led him to this point in his life." *Id.* Mr. White concludes that Defendant's "risk to the community and risk for fleeing is minimal and continued treatment will reduce any future risks." *Id.* Defendant therefore argues that there are "exceptional reasons why [his] detention . . . would not be appropriate." *Id.*

Defendant also provides several other explanations of why this case presents "exceptional reasons." Defendant first argues that he "has been very cooperative with the [G]overnment from the beginning of the proceedings against him by waiving his rights and freely discussing the facts of the case . . . and now pleading guilty." *Id.* at 9. In addition, Defendant argues that he "has complied with all of the conditions imposed upon him by authorities in two counties, and by the federal court system." *Id.* Likewise, Defendant contends that he "has gone beyond all of the conditions required by the various governmental agencies involved" by attending therapy with Mr. White, which helps with the "ongoing mental health and emotion difficulties" associated with

ASD. *Id.* Defendant therefore concludes that it would be inappropriate to deprive him of his "support system" and the "education he receives from . . . therapy." *Id.*

On November 29, 2023, the Court held Defendant's change of plea hearing, where he consented to have the undersigned "accept and bind [him] to [his] guilty plea." Dkt. 29. At the hearing, Defendant pleaded guilty to possession of child pornography. After accepting Defendant's plea of guilty, the Court set a hearing on the Motion (Dkt. 28) for December 4, 2023, and permitted the Government to file a response and Defendant to file supplemental authorities by December 1, 2023. In addition, the Court permitted Defendant to remain on his conditions of release pending that hearing. On December 1, 2023, the Government filed the Response (Dkt. 32), and Defendant filed the Memorandum (Dkt. 33).

In the Response (Dkt. 32), the Government argues that Defendant poses a flight risk and danger to the community. Dkt. 32 at 2–3. Specifically, the Government contends that the nature of the crime, possession of child pornography, is an "extremely serious charge that bears directly on the issue of danger." *Id.* at 2 (quoting *United States v. Reiner*, 468 F. Supp. 2d 393, 397 (E.D.N.Y. 2006)) (cleaned up). Furthermore, the Government argues that Defendant's previous state court charges—and his subsequent violations of his conditions of probation—suggest that "Defendant poses a . . . risk of flight and danger to children." *See id.* at 2–3. According to the Government, this is particularly true now that he has pleaded guilty and "will be going to federal prison." *Id.* at 3. Even if Defendant was "neither a flight risk nor a danger to the community," the Government contends that Defendant failed to proffer "exceptional reasons" for his release. *See id.* On this point, the Government argues that compliance with conditions of release, cooperation with the Government, and the need for a support system are not "exceptional reasons." *Id.* at 3–4.

4

On December 4, 2023, the Court held a hearing on the Motion (Dkt. 28). At the hearing, Defendant introduced several exhibits, including: (1) the conditions of release for Defendant's original state charges; (2) the modified conditions of release after Defendant's probation violations; (3) a letter from Dr. Timothy Proctor ("Dr. Proctor"); (4) a letter from Mr. White; (5) another letter from Mr. White; (6) a letter from Ezio Leite ("Mr. Leite"); and (7) the conditions of release for the present case. *See* Dkts. 28-1–7. Defendant called his mother, Chrissa Elliott ("Ms. Elliott"), as a witness.

Ms. Elliott testified that, throughout his childhood, Defendant has been "consistently behind his peers" and "approaches situations different than . . . normal kids his age." According to Ms. Elliott, this caused problems with his "social interactions" and "social cues," making it difficult for Defendant to be "accepted by [his] peers." Ms. Elliott further testified that, because of these issues, he regularly changed schools and struggled to maintain good grades. After high school, Ms. Elliott testified that Defendant attended a year of college. However, he did not do "very well" and chose not to return. Ms. Elliott also testified that "he had trouble . . . managing everyday life and being on his own for the first time."

Ms. Elliott further testified that Defendant has been compliant with all of the conditions of release imposed by the federal court system. During this time, Ms. Elliott testified that Defendant has had "some improvement in his maturity"; thus, she concludes that counseling has been good for him, and that it would be beneficial for him to continue counseling pending his sentencing.

In his closing argument, Defendant argued that he is not a flight risk or danger to the community because he has demonstrated perfect compliance with the federal conditions of his release. Similarly, Defendant argued that there are "exceptional reasons" justifying his release as "he has, for the past year, complied with everything he's supposed to do." Defendant further argued

5

that "he's made progress in his therapy, progress in his knowledge about himself, [and] progress in understanding what he does and why he does it." Thus, it would be inappropriate for him to be incarcerated pending sentencing. Likewise, the fact that his release would "help him" is, according to Defendant, a "significant circumstance" justifying his release.

In its closing argument, the Government argued that Defendant's previous conduct, particularly his state and federal criminal offenses, "leave the Government very concerned about the safety of children." Regarding "exceptional reasons," the Government argued that mere compliance with the conditions of release is expected—not exceptional or notable. Finally, the Government agreed that Defendant needs counseling, but argued Defendant will have opportunities to receive counseling while incarcerated and "in a term of supervised release thereafter." In addition, the Government argued that "counseling alone . . . is not exceptional." Thus, the Government concluded that "the statute compels [Defendant's] detention and . . . none of [the] exceptions apply."

## II.   LEGAL ANALYSIS

### A.   Mandatory Detention

A defendant who "has been found guilty" of a "crime of violence" and is "awaiting imposition or execution of a sentence" is generally subject to mandatory detention. *See* 18 U.S.C. §§ 3142(f)(1), 3143(a)(2). Possession of child pornography is a crime of violence in the Fifth Circuit. *See United States v. Fitzpatrick*, No. 02-20424, 2002 WL 1397104, at *1 (5th Cir. June 11, 2002) (per curiam).

On November 29, 2023, Defendant consented to have the undersigned "accept and bind [him] to [his] guilty plea" and pleaded guilty to possession of child pornography. Dkt. 29. That same day, the Court entered its findings and recommendation that the District Judge accept

Defendant's plea of guilty. Dkt. 31 at 1–2. Thus, Defendant "has been found guilty" of a "crime of violence" within the meaning of § 3143(a)(2) and is subject to mandatory detention.[2]

**B.     Exceptions**

A defendant otherwise subject to mandatory detention may be released pending sentencing if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community" and "there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i), (B). This exception is clearly inapplicable here. On November 29, 2023, Defendant pleaded guilty to possession of child pornography. *See* Dkt. 29. Thus, there is not a substantial likelihood that a motion for acquittal or new trial will be filed, much less granted.

In addition to the above exception, a defendant subject to mandatory detention may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community," and "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(ii)–(B). Once again, this exception is clearly inapplicable. Defendant is subject to a mandatory minimum term of imprisonment. *See id.* § 2252A(b)(1) (requiring a minimum of five or ten years of imprisonment, depending on whether the defendant has committed a related offense in the past). As such, the Government represents that it will seek ten years imprisonment or more at sentencing. *See* Dkt. 32 at 1 n.1.

There is also a third exception. A defendant may appeal an order of detention and "be ordered released, under appropriate conditions," provided "the judicial officer finds by clear and

---

[2] Given that Defendant is bound by his guilty plea, he has been "found guilty" sufficient to satisfy 18 U.S.C. § 3143(a)(2). *See, e.g.*, *United States v. Moffitt*, 527 F. Supp. 2d 474, 478 (W.D.N.C. 2006); *United States v. McGrann*, 927 F. Supp. 2d 279, 283–84 (E.D. Va. 2013). *But see United States v. Lanman*, No. 15-cr-19, 2015 WL 13694487, at *1 n.1 (E.D. Tex. Aug. 27, 2015).

7

convincing evidence that the person is not likely to flee or pose a danger to the safety to the community" and "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C §§ 3143(a)(1), (b)(1), 3145(c); *see, e.g.*, *United States v. Matteson*, No. 20-cr-36, 2020 WL 2820157, at *2 (N.D. Tex. May 11, 2020) (citing *United States v. Carr*, 947 F.2d 1239 (5th Cir. 1991)).

Although titled "appeal from a release or detention order," in *Carr*, the Fifth Circuit determined that Congress intended § 3145(c) "to provide an avenue for exceptional discretionary relief" from "mandatory detention" under § 3143(a)(2), (b)(2). *Carr*, 947 F.2d at 1240. Thus, the "exceptional reasons" exception "may be applied by the judicial officer initially ordering such mandatory detention, despite its inclusion in a section generally covering appeals." *Id.* The Court therefore turns to the applicability of this exception to the present case.

1. **Clear and Convincing Evidence**

In the Motion (Dkt. 28), Defendant argues that his compliance with his conditions of release in both state and federal court, "for the past year," proves by "clear and convincing evidence" that he is neither a flight risk nor a danger to the community. Dkt. 28 at 4–5. In the Response (Dkt. 32), the Government contends that Defendant has pleaded guilty to possession of child pornography, which "bears directly on the issue of danger." Dkt. 32 at 2. In addition, the Government argues that Defendant's previous state court charges—and violations of his conditions of probation—indicate that Defendant poses a risk of flight and a danger to the community. *See id.* at 2–3. The Court agrees with the Government.

The Court cannot find by clear and convincing evidence that Defendant "is not likely to . . . pose a danger to the safety of the community." 18 U.S.C §§ 3143(a)(1), (b)(1), 3145(c). Defendant pleaded guilty to a serious crime, and he has committed similar offenses in the past. Shortly after

being sentenced to probation for Sexual Performance by a Child Under Fourteen and Online Solicitation of a Minor Under Fourteen, Defendant violated the conditions of his probation. *See* Dkt. 16 at 4–5. Those violations included viewing or possessing sexually explicit material on ninety-six occasions, *id.* at 5, including three images and one video depicting prepubescent minors engaged in sexual conduct, which gave rise to the federal charge to which Defendant pleaded guilty. *See* Dkt. 1 at 2. Although Defendant has been compliant with the conditions of his release for the past nine months, the Court cannot find by clear and convincing evidence that Defendant is unlikely to pose a danger to the community. Thus, the Motion (Dkt. 28) must be denied.

2.  **Exceptional Reasons**[3]

Even if there was clear and convincing evidence that Defendant is unlikely to pose a danger to the community, the Court concludes that there are not "exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). The Fifth Circuit has not defined "exceptional reasons." Thus, in-circuit courts often look toward other, persuasive authorities for a "working definition." *See, e.g.*, *United States v. Scott*, No. 95-cr-80, 1995 WL 723752, at *2 (E.D. Tex. Nov. 22, 1995) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)); *Anderson*, 2016 WL 7491846, at *5 (citing *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007)). Specifically, Texas courts have coalesced around the definitions of the Second and Eighth Circuits.

The Second Circuit defines "exceptional reasons" as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *DiSomma*, 951 F.2d at 497.

---

[3] In the Motion (Dkt. 28), Defendant appears to argue that his diagnosis of ASD constitutes an "exceptional reason" for his release because it makes "him a vulnerable person in the prison system" and will cause him "to have more difficulty living within that system." Dkt. 28 at 9. Defendant did not renew this argument at the hearing. However, the Court notes that the existence of a mental health condition or disorder is far from out of the ordinary, uncommon, or rare. *See United States v. Anderson*, No. 16-cr-154, 2016 WL 7491846, at *5 (N.D. Tex. Dec. 28, 2016). This is particularly true of "those convicted of child pornography." *See id.*; *United States v. Lau*, No. 15-4060, 2016 WL 6089730, at *2, *4 (N.D. Iowa) (autism spectrum disorder—and intellectual disabilities more broadly—are not "exceptional reasons" justifying release because they are common conditions, particularly in child pornography cases).

9

Similarly, the Eighth Circuit defines "exceptional reasons" as those that are "clearly out of the ordinary, uncommon, or rare." *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (quoting *United States v. Brown*, 368 F.3d 992 (8th Cir. 2004)).

In the Motion (Dkt. 28), Defendant proffers several "exceptional reasons" justifying his release. Many of these relate to his good behavior while on release. *See* Dkt. 28 at 9 (suggesting that being "very cooperative" with the Government is an exceptional reason); *id.* (contending that compliance "with all of the conditions imposed upon him by authorities in two counties, and by the federal court system" is an exceptional reason); *id.* (arguing that going "beyond all of the conditions required by the various governmental agencies involved" is an exceptional reason). In the Response (Dkt. 32), the Government argues that complying with conditions of release and cooperating with the Government do not amount to "exceptional reasons." Dkt. 32 at 3–4. The Court agrees with the Government.

Indeed, "Defendant's continued compliance with his conditions of release, while commendable, does not rise to the level of exceptional circumstances or take this outside of the ordinary case." *United States v. Villasenor*, No. 22-cr-342, 2023 WL 4109696, at *3 (N.D. Tex. June 21, 2023) (collecting cases); *United States v. Burnett*, No. 18-cr-632, 2019 WL 5067951, at *5 (N.D. Tex. Oct. 9, 2019) ("[T]he facts that a defendant has been compliant and behaved commendably on release—as [the defendant] undisputedly has here—and that he may be likely to continue to comply with his release conditions do not amount to exceptional reasons . . . ."); *see United States v. Gonzales*, No. 20-cr-494, 2022 WL 1720392, at 4 (N.D. Tex. May 26, 2022) (concluding that the defendant's "compliance with his conditions of pretrial release and his steady employment and caring for his family" are not exceptional reasons). Although Defendant has

10

behaved commendably for several months, that is not out of the ordinary, uncommon, or rare and, thus, does not constitute "exceptional reasons" justifying his release pending sentencing.

In the Motion (Dkt. 28), Defendant also argues that his participation in therapy, combined with the personal benefits derived therefrom, constitute "exceptional reasons why [his] detention before actual sentencing would not be appropriate." Dkt. 28 at 5. Defendant renewed this argument at the hearing. There, Defendant argued that "he's made progress in his therapy, progress in his knowledge about himself, [and] progress in understanding what he does and why he does it." Therefore, the fact that continued therapy would "help him" is a "significant circumstance" justifying his release. In the Response (Dkt. 32), the Government argues that the need for a "support system" and "personal therapy" does not constitute exceptional reasons. Dkt. 32 at 4. Once again, the Court agrees with the Government.

A defendant's "successful participation in long-term counseling, while also commendable, likewise does not . . . qualify as such clearly out of the ordinary, uncommon, or rare circumstances to justify continued release." *Burnett*, 2019 WL 5067951, at \*5; *see United States v. Kerr*, No. 19-cr-296, 2020 WL 1158521, at \*6 (N.D. Tex. Mar. 10, 2020) (same). The fact that additional therapy may result in continued progress is similarly unavailing. *See Burnett*, 2019 WL 5067951, at \*5. As none of Defendant's proffered reasons are exceptional, whether standing alone or taken in combination, the Motion (Dkt. 28) must be denied.

### III.   ORDER

For the foregoing reasons, the Motion (Dkt. 28) is **DENIED**, and Defendant shall be detained pending sentencing.

**So ORDERED and SIGNED this 8th day of December, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE